UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CHARLES JACOBS,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **G4S SECURE SOLUTIONS USA INC.** and § <br> **SECURITAS CRITICAL INFRASTRUCTURE** § <br> **SERVICES, INC.,** § <br> § <br> *Defendants.* § | Civil Action No. __6:22-cv-01224__ <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Charles Jacobs ("Jacobs") brings this action against G4S Secure Solutions USA Inc. ("G4S") and Securitas Critical Infrastructure Services, Inc. ("Securitas") (collectively "Defendants") to recover compensation, liquidated damages, attorneys' fees and costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This lawsuit is brought to recover unpaid overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Both Defendants provide security services for business clients globally.

3. Plaintiff Jacobs worked for Defendants as a non-exempt security guard and was responsible for patrolling and maintaining the security of the nuclear power plant where he worked.

4. Plaintiff Jacobs routinely worked in excess of forty (40) hours per workweek.

5. During the relevant time period, Defendants knowingly and deliberately failed to compensate Plaintiff Jacobs overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

6. Specifically, Defendants' regular practice was to count hours worked in the wrong workweek. For instance, when Plaintiff Jacobs worked sixty (60) hours in the first week of a new pay period and then twenty-four (24) hours in the second week of the same pay period, Defendants moved twelve (12) hours to the second pay period. Thus, Defendants incorrectly made it appear as though Plaintiff Jacobs had worked forty-eight (48) hours in the first week and thirty-six (36) hours in the second week of the pay period.

7. The effect of Defendants' practice was that Plaintiff Jacobs was not compensated at time and one half his regular rate for all overtime hours worked, in violation of the FLSA.

8. The decision by Defendants to not to pay overtime compensation to Plaintiff Jacobs was neither reasonable nor in good faith.

9. Plaintiff Jacobs did not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiff Jacobs seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA.

## II.
## PARTIES

11. Plaintiff Jacobs worked for Defendants as a Security Guard in Glen Rose, Texas during the relevant time period. Plaintiff Jacobs did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

12. Defendant G4S is a foreign for-profit corporation licensed to and doing business in the State of Texas. Defendant G4S may be served through its registered agent for service: Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

13. Defendant Securitas is a foreign for-profit corporation licensed to and doing business in the State of Texas. Defendant Securitas may be served through its registered agent for service: National Registered Agents, Inc., 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. Plaintiff Jacobs has not entered into any arbitration agreement that would affect the Court's subject-matter jurisdiction.

16. This Court has general and specific personal jurisdiction over Defendants because they purposely availed themselves of the privilege of conducting activities within Texas; they have sufficient contacts with Texas in general and with respect to Plaintiff's claims; and exercising jurisdiction over them does not offend traditional notions of fair play and substantial justice.

17. Venue is proper pursuant to 29 U.S.C. § 1391(b) in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

18. Specifically, Plaintiff Jacobs worked for Defendants in Glen Rose, Texas, which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

19. G4S is a global security services company, employing over 800,000 people worldwide to provide security services to its business clients.[1]

20. Securitas is also a global security services company, employing nearly 100,000 people worldwide to provide security services to its business clients.[2]

21. Plaintiff Jacobs has worked as a security guard at the Glen Rose nuclear power plant (the "Power Plant") since approximately January of 2020.

---

[1] https://www.g4s.com/who-we-are

[2] https://www.securitasinc.com/about-us/

22. From March of 2016 until December of 2020, Securitas held the contract for security at the Power Plant and was the employer for its security guards—including Plaintiff Jacobs.

23. From December of 2020 until December of 2021, G4S held the contract for security at the Power Plant and was the employer for its security guards—including Plaintiff Jacobs.

24. In April of 2021, Allied Universal completed a stock acquisition of G4S. Through the purchase, G4S became (and remains) a subsidiary of Allied Universal.

25. In December of 2021, Allied Universal took over the contract for the Power Plant from G4S.

26. Allied Universal became (and remains) Plaintiff Jacobs's employer since taking over the Power Plant's security contract in December 2021.

27. During the relevant time period, Plaintiff Jacobs was assigned to work the nightshift from 7 p.m. to 7 a.m.

**Securitas Failed to Correctly Calculate Plaintiff's Hours Worked**

28. During the course of Plaintiff Jacobs's employment with Securitas, Securitas's workweek ran from Friday at 12:00 a.m. until Thursday at 11:59 p.m.

29. Prior to 2017, Securitas's security guards worked eight (8) hour shifts at the Power Plant.

30. During the time in which the security guards at the Power Plant worked eight (8) hour shifts, Securitas set the security guard schedules to run in thirty-six (36), forty-eight (48) hour weeks in each two week pay period. This meant that in one week of the pay period a security guard would work thirty-six (36) hours and in the next workweek of the same pay period the security guard would work forty-eight (48) hours.

31. In approximately January of 2017, Securitas's security guards at the Power Plant were switched to twelve (12) hour shifts.

32. The security guard day shift ran from 7:00 a.m. to 7:00 p.m. and the night shift from 7:00 p.m. to 7:00 a.m.

33. As a result of the switch to twelve (12) hour shifts, part of the night shift security guards' shift, including Plaintiff Jacobs's shift, would begin in one workweek but end in the next workweek.

34. Even though this change meant work hours would be divided between different days for night shift security guards, like Plaintiff Jacobs, Securitas did not adjust its pay practices or the beginning or ending of the workweek to account for this change.

35. Instead of including the hours worked by Plaintiff Jacobs in the workweek in which they were worked, Securitas included hours worked in the day in which the shift was started.

36. For example, when Plaintiff Jacobs began work on Thursday at 7:00 p.m. and worked until Friday at 7:00 a.m. Securitas included the entire twelve (12) hours worked in the workweek that ended on Thursday at 11:59 p.m.

37. As a result, the seven (7) hours worked from Friday from 12:00 a.m. until 7:00 a.m. were not included in correct workweek, which led to an underpayment of wages.

38. Although Plaintiff Jacobs was being paid for a thirty-six, forty-eight (36/48) hour schedule, in reality Plaintiff Jacobs was working a thirty-one, fifty-three (31/53) hour schedule.

39. As a result of this practice, Securitas failed to pay Plaintiff Jacobs for five (5) hours of overtime work every two weeks during his employment with Securitas.

### G4S Continued to Pay Plaintiff Jacobs Incorrectly

40. In December of 2020, G4S took over the contract for security at the Power Plant.

41. As a result, Plaintiff Jacobs's employment was switched from Securitas to G4S.

42. Upon its takeover, G4S changed the start and end of the workweek to begin on Monday at 7:00 a.m. (when the first day shift started) and to end on Monday at 6:59 a.m. (when the night shift ended).

43. Despite the changes to the workweek, G4S continued to pay a thirty-six, forty-eight (36/48) hour schedule rather than correctly calculate the hours worked in the week in which they were earned.

44. In fact, G4S's change to the schedule made the scheduling problem even worse, as Plaintiff Jacobs was now working a twenty-four, sixty (24/60) hour schedule.

45. G4S counted the hours worked according to the day Plaintiff Jacobs ended his shift. If Plaintiff Jacobs was scheduled to work on a Tuesday and Wednesday, he began his shift Monday night until Tuesday morning and then Tuesday night until Wednesday morning.

46. For payment purposes, G4S would consider Plaintiff Jacobs to have worked 12 hours on Tuesday and 12 hours on Wednesday.

47. Thus, G4S failed to calculate hours worked on the day they were actually worked and also failed to calculate hours in the correct week worked.

48. As a result of G4S's calculations, Plaintiff Jacobs regularly worked twenty (20) hours of overtime every two weeks but was only paid for approximately eight (8) hours of overtime work.

49. Based on the schedules set by Defendants, Plaintiff Jacobs worked over forty (40) hours every other workweek in which he performed services for Defendants.

50. Plaintiff Jacobs's coworker, Scotty Roberson, informed both Securitas and G4S that they were calculating every night shift security guard's pay incorrectly.

51. Despite being informed that they were incorrectly calculating Plaintiff Jacobs's pay, Defendants failed to take any corrective action.

52. Defendants did not pay Plaintiff Jacobs the correct amount of overtime compensation required by the FLSA for all hours worked in excess of forty (40) in a workweek.

53. Defendants knew they were not compensating Plaintiff Jacobs for the proper amount of overtime compensation in violation of the FLSA because Plaintiff Jacobs's coworker informed them on multiple occasions that they were failing to calculate their payable overtime hours correctly.

54. Defendants knew or should have known that their failure to pay overtime to Plaintiff Jacobs would cause and did cause financial injury to Plaintiff Jacobs.

55. Because Defendants knowingly failed to compensate Plaintiff Jacobs time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

## V.
## CAUSE OF ACTION

**A.     FLSA COVERAGE**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. At all material times, Defendants were employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. At all material times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59. At all material times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60. During the respective periods of Plaintiff's employment by Defendants, he provided services for Defendants that involved interstate commerce for purposes of the FLSA.

61. In performing work for Defendants, Plaintiff Jacobs was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62. Specifically, Plaintiff Jacobs was a non-exempt employee who worked for Defendants and was engaged in commercial services that were directly essential to the providing of goods and services by Defendants to their customers. 29 U.S.C. § 203(j).

63. At all material times, Plaintiff Jacobs was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

64. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Defendants violated provisions of §§ 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

67. Plaintiff Jacobs has suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Jacobs would be able to precisely

calculate damages.

68. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff Jacobs overtime compensation. 29 U.S.C. § 255(a).

69. Defendants knew or should have known their pay practices were in violation of the FLSA.

70. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

71. Plaintiff Jacobs, on the other hand, is an unsophisticated employee who trusted Defendants to pay overtime in accordance with the law.

72. The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

73. Accordingly, Plaintiff Jacobs is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## V.
## RELIEF SOUGHT

74. Plaintiff Jacobs respectfully prays for judgment against Defendants as follows:

   a. For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff Jacobs, for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Jacobs;

   b. For an Order awarding the costs and expenses of this action;

   c. For an Order awarding attorneys' fees;

   d. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  e. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense (should discovery prove inadequate);

  f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 29, 2022    Respectfully submitted,

          **ANDERSON ALEXANDER, PLLC**

      By: /s/ *Clif Alexander*
         **Clif Alexander**
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **Austin W. Anderson**
         Texas Bar No. 24045189
         austin@a2xlaw.com
         **Lauren E. Braddy**
         Texas Bar No. 24071993
         lauren@a2xlaw.com
         **Alan Jacobs Gordon**
         Texas Bar No. 00793838
         cgordon@a2xlaw.com
         **Carter T. Hastings**
         Texas Bar No. 24101879
         carter@a2xlaw.com
         819 N. Upper Broadway
         Corpus Christi, Texas 78401
         Telephone: (361) 452-1279
         Facsimile: (361) 452-1284

         ***Attorneys for Plaintiff***